# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| MARIO ULLOA, )<br>)<br>Petitioner, )<br>v. )<br>)<br>HECTOR LEDEZMA, WARDEN, )<br>)<br>Respondent. ) | Case No. CIV-08-864-W |

## SECOND REPORT AND RECOMMENDATION

Petitioner, a federal prisoner appearing with counsel and currently confined at the Federal Correctional Institution (FCI) at El Reno, Oklahoma, has filed an action seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2241. Pending before the Court is the Response of Hector Ledezma, Warden of FCI-El Reno [Doc # 25] requesting a transfer of the action to the United States District Court for the Western District of Texas, the court of Petitioner's federal conviction. Petitioner was given the opportunity to file a response to Warden Ledezma's request for transfer, *see* Order [Doc. #26], but he has not filed a response and the time for doing so has expired. The matter has been referred for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B) and (C).

For the reasons set forth below, it is recommended that Warden Ledezma's request for transfer be granted.

## I.  Procedural History

This Court previously addressed a request to transfer this action to the United States District Court for the Western District of Texas filed on behalf of the United States of America. It was determined that the United States was not a proper respondent in this action,

and on that ground it was recommended that the request be denied and that the United States be dismissed from this action. *See* Report and Recommendation [Doc. # 21]. That recommendation was adopted. *See* Order [Doc. # 23]. The proper respondent, Warden Ledezma, has now filed a request to transfer identical to the request previously filed by the United States. *Compare* Response of the United States [Doc. # 19] with Response of Hector Ledezma, Warden [Doc. # 25].

Petitioner brings this action pursuant to § 2241 invoking the savings clause of 28 U.S.C. § 2255. Petitioner claims he is actually innocent of his federal conviction for use of a firearm during and in relation to drug trafficking in violation of 18 U.S.C. § 924(c)(1) in the United States District Court for the Western District of Texas, and he bases his claim of innocence on the recent decision of the United States Supreme Court in *Watson v. United States*, 128 S.Ct. 579, 586 (2007) (*abrogating United States v. Ulloa*, 94 F.3d 949 (5th Cir. 1996)). Petitioner asserts that he has fully served his sentences for the other counts of his conviction and contends that pursuant to *Watson* he is entitled to immediate release.

The factual and legal background underlying Petitioner's claim has been fully set forth in the Report and Recommendation addressing the request to transfer filed on behalf of the United States. *See* Report and Recommendation [Doc. # 21] at 2-8. That background information and analysis is not repeated here. Instead, the Court addresses only Warden Ledezma's request to transfer this action to the United States District Court for the Western District of Texas. As noted, Petitioner has filed no objection or other response to Warden Ledezma's request for transfer.

2

**II.     Analysis**

Warden Ledezma, as Petitioner's current custodian, is the proper respondent in this § 2241 action. *See* 28 U.S.C. § 2242 (application for writ of habeas corpus shall "name the person who has custody over him"). A § 2241 petition is generally filed in the district of the petitioner's confinement so that the court may exercise personal jurisdiction over the petitioner's immediate custodian. *See Rumsfeld v. Padilla*, 542 U.S. 426, 447 (2004) ("Whenever a § 2241 habeas petitioner seeks to challenge his present physical custody within the United States, he should name his warden as respondent and file the petition in the district of confinement."). In accordance with the immediate custodian rule, the Western District of Oklahoma is a proper forum for this action, and this Court can exercise personal jurisdiction over Respondent Ledezma who is within the Court's territorial jurisdiction.

Warden Ledezma, however, requests a transfer of this action pursuant to 28 U.S.C. § 1404(a) to the district of Petitioner's conviction, the United States District Court for the Western District of Texas. Under the provisions of 28 U.S.C. § 1404(a), "[f]or the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."

Circumstances in this case make it clear that the Western District of Texas is a more convenient forum than the Western District of Oklahoma. Petitioner's attorney is located there, records pertaining to Petitioner's case are located there and it is likely any necessary witnesses are located there. In addition, the Western District of Texas has superior knowledge of Petitioner's criminal proceedings. Respondent Ledezma supports his request

for transfer pursuant to 28 U.S.C. § 1404(a) with similar considerations of convenience and efficiency:

> In this case, it is undisputed that the transfer of this § 2241 proceeding relating to the validity of petitioner's conviction from the district of confinement to the district of sentencing would be in furtherance of the convenience of the parties and witnesses. In fact, it should be noted that the attorney for the Petitioner resides in the sentencing district and all factual information relating to any sentencing issue is located in that district.

*See* Response at 4.

The issue that Warden Ledezma's request fails to address is the requirement of § 1404(a) that the transfer be made to a "district or division where [the case] might have been brought." Although the Court's prior Report and Recommendation [Doc. #21] pointed out the procedural complexities and possible impediments to transfer created by the provisions of § 1404(a), *see* Report and Recommendation at 9-10, fn 4, the Warden's Response ignores the provision of § 1404(a) limiting the transfer of an action to a "district or division where it might have been brought." Respondent provides no legal analysis of this issue. The Court could, therefore, deny the request for transfer to the Western District of Texas, as Warden Ledezma has not shown how this action "might have been brought" in the Western District of Texas.[1]

---

[1] Supreme Court precedent makes clear, at least in non-habeas contexts, that in construing the provisions of § 1404(a) authorizing transfer to a district or division where the case "might have been brought," it is immaterial that the respondent, by consent or waiver, is willing to be personally subject to the jurisdiction of the transferee court. *See Hoffman v. Blaski*, 363 U.S. 335, 343-344 (1960); *Chrysler Credit Corp. v. Country Chrysler, Inc.*, 928 F.2d 1509, 1515 (10th Cir. 1991) ("§ 1404(a) does not allow a court to transfer a suit to a district which lacks personal jurisdiction over the defendants, even if they consent to suit there."). Whether special considerations inherent
(continued...)

Nevertheless, and despite the absence of advocacy on an issue expressly highlighted in the Court's prior analysis, the Court notes in determining the interests of justice that there is a plausible basis for determining that this action "might have been brought" in the district of conviction if the action is construed under the All Writs Act, 28 U.S.C. § 1651 as a petition for writ of error coram nobis, appropriately filed in the district of conviction. *See, e.g., In re Nwanze*, 242 F.3d 521, 526 (3d Cir. 2001) (recognizing limitations on transfer to court of conviction posed by § 1404(a), but finding court need not be "overly concerned with the limitations on transfer in section 1404(a)" given "at least a plausible argument that if [petitioner] had no other remedy in the district of his conviction and sentencing the Court of Appeals for the Fourth Circuit would approve of the district court's exercising jurisdiction under the All Writs Act, 28 U.S.C. § 1651(a) to grant him a writ of error coram nobis."). *See also Neal v. Francis*, No. 1:06CV69, 2008 WL 2704520 (N.D. W. Va. July 3, 2008) (unpublished op.) (allowing transfer of habeas action raising *Watson* claim to the district of conviction after construing the § 2241 petition as a writ of error coram nobis under the All Writs Act, 28 U.S.C. § 1651); *Fort v. Deboo*, No. 5:08cv6, 2008 WL 4371398 (N.D. W. Va. Sept. 19, 2008) (unpublished op.) (same). While the Fifth Circuit Court of Appeals recognizes limitations on such a writ, generally restricting its use to when a petitioner is no longer in custody on the conviction challenged, s*ee Jimenez v. Trominski*, 91 F.3d 767, 768 (5th Cir. 1996), the interests of justice, especially those arising in the very rare circumstances

---

[1](...continued)
in the habeas context would warrant departure from that general rule has not been addressed by the Supreme Court or the Tenth Circuit Court of Appeals.

5

where the § 2255 remedy is inadequate or ineffective, warrant a flexible view of a federal court's authority to transfer such an exceptional case under § 1404(a) to the district best suited to address the issues.[2]

Here, the proper respondent has affirmatively requested the transfer, the petitioner has not objected to the transfer, and the interests of justice and convenience of the parties support transfer. Under these circumstances, and where there is a plausible basis for determining that the action "might have been brought" in the transferee district, the request for transfer under § 1404(a) should be granted.

In recommending a transfer of this action to the district of conviction, the fact that this is an unusual type of case brought pursuant to 28 U.S.C. § 2241 should be emphasized. This case is not a challenge to the execution of the sentence -- the typical § 2241 challenge -- but a challenge to the conviction and sentence itself, where § 2241 is invoked pursuant to the savings clause of 28 U.S.C. § 2255 on grounds that the remedy provided by § 2255 is inadequate or ineffective. As Justice Kennedy indicated in *Padilla*, considerations in an "exceptional case" may justify deviation from the basic immediate-custodian and territorial-jurisdiction rules (which generally require a § 2241 petition to be filed in the district of confinement where the petitioner's immediate custodian is located) to permit a habeas

---

[2]*Compare United States v. Dawes*, 895 F.2d 1581, 1582 (10th Cir. 1990) (recognizing that the writ of error coram nobis is available but only to correct errors of the most fundamental character under circumstances compelling such action to achieve justice); *United States v. Ballard*, Case No. 07-5187, 2008 WL 2357748 at *2 (10th Cir. June 11, 2008) (unpublished op.) (identifying three prerequisites to granting a writ of error coram nobis: (1) petitioner was diligent in bringing the claim, (2) other remedies and forms of relief are unavailable or inadequate, and (3) the circumstances compel such action to achieve justice).

petition to be heard "in some court other than the one in whose territory the custodian may be found." *Padilla*, 542 U.S. at 454 (Kennedy, J. concurring). The circumstances here are indicative of such an exceptional case. Notably, concerns of forum shopping – prevention of which served as one policy reason for the *Padilla* court's adherence to the immediate custodian rule – are not present here. And, unlike in *Padilla* where "there had been no waiver by the Government" with respect to the forum for the habeas action, here the Respondent has indicated, by requesting a transfer, a waiver of any objection to personal jurisdiction or venue in the Western District of Texas.[3] In addition, because *substantively* the issues in this case are ones ordinarily brought pursuant to § 2255, the court of conviction is a proper court to hear the petition. Indeed, by enacting § 2255, Congress amended the habeas statutes to require that a collateral attack on a federal sentence be brought in the sentencing court rather than the district where the petitioner is confined. *See Braden v. 30th Judicial Circuit Court of Ky.*, 410 U.S. 484, 497 (1973) (discussing amendment); *see also Padilla*, 542 U.S. at 443 (recognizing that by adding § 2255 to the habeas statutes, "Congress

---

[3]By requesting transfer, Warden Ledezma invites the exercise of personal jurisdiction over him in the district of conviction. Having personally requested that the case be transferred there, it would appear proper to deem his litigation conduct as a waiver of any objection to personal jurisdiction or venue in the Western District of Texas. *Compare Aziz v. Leferve*, 830 F.2d 184, 186 (11th Cir. 1987) (where habeas respondents who were New York state officials filed motion requesting transfer from federal district court in New York -- petitioner's district of confinement -- to federal district court in Florida -- the district in whose territory petitioner was convicted for a crime used to enhance his sentence in New York -- respondents waived the right to object to the exercise of personal jurisdiction by the district court in Florida). *See also Rumsfeld v. Padilla*, 542 U.S. at 452-453 (Kennedy, J., concurring) (noting that "[b]ecause the immediate-custodian and territorial-jurisdiction rules are like personal-jurisdiction or venue rules, objections to the filing of petitions based on those grounds can be waived by the Government.").

directed federal criminal prisoners to file certain post-conviction petitions in the sentencing courts"). A transfer of this case to the district of conviction would be consistent with that Congressional determination.

Further, procedural protections may be put in place by transferring the case without prejudice to refiling or re-transfer to this district. At least one court addressing a *Watson* claim in a § 2241 action construed the petition under the All Writs Act, 28 U.S.C. § 1651(a) and transferred the action to the court of conviction without prejudice to the petitioner refiling the action in the district of confinement if the transferee court denied relief on jurisdictional grounds. *Short v. Schultz*, Civil Action No. 08-0186, 2008 WL 305594 (D.N.J. Jan. 28, 2008). In the transferee court, the respondent warden filed a response to the petition and the transferee court found the warden had waived any challenge to the court's exercise of personal jurisdiction over him. The petition, therefore, proceeded in the district of conviction as a § 2241 petition. *See Short v. Shultz*, No. 7:08CV00057, 2008 WL 1984262 (W.D. Va. May 6, 2008) (unpublished op.). Here, as in *Short*, the recommendation to transfer is made without prejudice to Petitioner's right to refile the action in this judicial district, or request re-transfer, should the transferee court decline to exercise jurisdiction.

## **RECOMMENDATION**

It is recommended that Respondent Warden Ledezma's request for transfer be granted and that this action be transferred to the United States District Court for the Western District of Texas. This recommendation is made without prejudice to Petitioner's right to

refile the action in this judicial district, or request re-transfer, should the transferee court decline to exercise jurisdiction.

## NOTICE OF RIGHT TO OBJECT

The parties are advised of their right to object to this Report and Recommendation. *See* 28 U.S.C. § 636. Any objections must be filed with the Clerk of the District Court by July __21st__, 2009. *See* Local Civil Rule 72.1. Failure to make timely objection to this Report and Recommendation waives the right to appellate review of the factual and legal issues addressed herein. *Moore v. United States*, 950 F.2d 656 (10th Cir. 1991).

## STATUS OF REFERRAL

This Report and Recommendation disposes of all matters referred by the District Judge in this case and terminates the referral.

DATED this __1st__ day of July, 2009.

_____
VALERIE K. COUCH
UNITED STATES MAGISTRATE JUDGE